UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSHUA T. McINTOSH, and his
legal guardian, KIMBERLY D.
BUSSEN, individually and as
legal guardian of JOSHUA T.
McINTOSH,

      Plaintiff,

v.                                      **MEMORANDUM OF LAW & ORDER**
                                       Civil File No. 10-3419 (MJD/FLN)

STRYKER CORPORATION, and
STRYKER SALES CORPORATION,

      Defendants.

Gregory L. Laker, Jeffrey S. Gibson, and Irwin B. Levin, Cohen & Malad, LLP; Robert K. Jenner and Brian D. Ketterer, Janet, Jenner & Suggs, LLC; and Yvonne M. Flaherty, Lockridge Grindal Nauen, PLLP, Counsel for Plaintiffs.

Timothy P. Griffin and Brian W. Thomson, Leonard Street and Deinard, PA, and Vaughn A. Crawford, Snell & Wilmer LLP, Counsel for Defendants.

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint. [Docket No. 2] Defendants' motion is, in large part, a premature motion for summary judgment, which requests that the Court not

1

take the allegations in the Complaint as true.  This request is wholly inappropriate.  Based upon the Court's careful review of the briefs and record in this case, the Court concludes that oral argument is unnecessary and it **DENIES** the Motion to Dismiss.  Oral argument, which was set for Friday, December 3, 2010, is **CANCELLED**.

## II. BACKGROUND

### A. Factual Background

Plaintiffs Joshua McIntosh and his legal guardian, Kimberly Bussen, reside in Mississippi.  Defendants are Stryker Corporation and Stryker Sales Corporation (collectively, "Stryker").  Stryker is a Michigan corporation, located in Michigan.  Stryker designed, manufactured, promoted, and distributed pain pumps, which deliver a continuous amount of pain medication, through a catheter, directly to a surgical site after surgery.  The pain pumps are designed to be used with anesthetics over the course of several days.  The Complaint alleges that the pain pumps are not safe for use in the shoulder joint and that their use in the shoulder joint can cause chondrolysis, destruction of the cartilage.

McIntosh underwent surgery on his right shoulder on January 2, 2007.  The surgery took place in Alabama.  After the surgery, McIntosh's surgeon

placed a catheter in the shoulder joint and connected it to a Stryker pain pump, which continuously delivered anesthetic into his shoulder joint. McIntosh has now been diagnosed with chondrolysis in his right shoulder joint. He asserts that the use of the Stryker pain pump in his shoulder joint caused his injury.

**B.     Procedural Background**

On August 11, 2010, Plaintiffs filed a Complaint against Stryker Corporation and Stryker Sales Corporation in this Court. The Complaint alleges: Count I: Negligence; Count II: Negligent Misrepresentation; Count III: Fraud; Count IV: Strict Product Liability; Count V: Strict Tort Liability – Failure to Warn; and Count VI: Breach of Implied Warranty.

Defendants have filed a motion to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

**III.   DISCUSSION**

**A.     Legal Standard for Motion to Dismiss under Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

The Court must view the Complaint as a whole. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible where "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

Overall, Stryker attacks the Complaint on the merits, which is a violation of the requirement that, on a motion to dismiss, the Court accept all factual allegations in the Complaint as true. In fact, a complaint survives a motion to dismiss even when "it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" Id. (citation omitted). Stryker's arguments are suited for a summary judgment motion, which should not be filed before discovery has occurred in this case.

Therefore, the Court rejects Stryker's assertions 1) that, despite the allegations in the Complaint, it did not promote the use of its pain pumps in the shoulder joint space; 2) that it did not promote such use to McIntosh's surgeon; 3) that it did not know, and should not have known, of the risk posed by using its pain pumps to infuse anesthetics into the shoulder joint space; and 4) that the use of its pain pumps in the shoulder joint does not cause chondrolysis. At this stage in the litigation, the Court will not examine deposition testimony, medical literature, or other outside evidence that contradicts the Complaint to determine the veracity of the allegations made in the Complaint. The Court accepts the allegations in the Complaint as true, including the clear, factually-supported pleading of promotion, knowledge, and causation.

**B.      Choice of Law**

Stryker claims that the Court must conduct a choice of law analysis at this stage. It offers Mississippi, Alabama, and Minnesota law as the possibly applicable law and claims that either Mississippi or Alabama law should apply.

The Court agrees that, at some point, it must "conduct a thorough conflicts-of-law analysis." See In re St. Jude Med. Inc., 425 F.3d 1116, 1120 (8th Cir. 2005). However, at this point, before discovery has occurred, the Court does

5

not have sufficient information to determine which state's law applies. The Court declines Stryker's invitation to make a premature decision regarding the correct choice of law.

C. **Application of 12(b)(6) Standard to the Complaint**

After examining the detailed Complaint, the Court holds that Plaintiffs have pled facts to support the required elements of their claims under the laws of Mississippi, Alabama, or Minnesota. The Court further concludes that it is premature to determine whether Plaintiffs' request for attorneys' fees and disgorgement, listed in their prayer for relief, should be stricken.

The Court also rejects Stryker's arguments that there is no independent claim for failure to test – no such independent claim is asserted in this Complaint. Instead, Plaintiffs allege that Stryker's failure to test is a fact that underlies claims for strict liability. See, e.g., Kociemba v. G.D. Searle & Co., 707 F. Supp. 1517, 1528 ((D. Minn. 1989) ("The duty to test is a subpart of duties to design a product non-negligently, manufacture a product non-negligently, and provide adequate warnings of dangers associated with its use.").

Overall, Plaintiffs have adequately set forth the factual basis for each of their asserted claims.

### D. Pleading with Particularity

The Court rejects Stryker's claim that Plaintiffs have failed to plead the fraud claims and fraudulent concealment tolling with sufficient particularity.

Plaintiffs must plead allegations of fraud with particularity. Fed R. Civ. P. 9(b). Generally, a complaint must identify the "who, what, where, when, and how of the alleged fraud." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997). However, the Court interprets the requirements of Rule 9(b) "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). "Rule 9(b) does not require that a 'complaint be suffused with every minute detail of a misrepresentation.'" McGregor v. Uponor, Inc., Civil No. 09-1136 ADM/JJK, 2010 WL 55985, at *4 (D. Minn. Jan. 4, 2010) (quoting Carlson v. A.L.S. Enters., Inc., No. 07-3970, 2008 WL 185710, at *3 (D. Minn. Jan. 18, 2008)). The purpose of Rule 9(b) is to adequately apprise the defendant of the claims against it and the factual basis for those claims so that it can respond to and prepare a defense to the charges of fraud. Commercial Property Investments, Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 646 (8th Cir. 1995).

7

Here, Plaintiffs clearly plead sufficient facts to put Stryker on notice of the basis for the fraud claims against it.  Although they do not provide the specific dates and places that Stryker provided misrepresentations to McIntosh's surgeon, in the context of this case, in which no discovery has yet occurred and the representations were made by Stryker to a third party – Plaintiff's surgeon – the type of allegations made here are sufficient.  See McGregor, 2010 WL 55985, at *4 (holding, under similar circumstances, that "a plaintiff is not required to plead the exact dates on which misrepresentations were made") (citation omitted).  The allegations in the Complaint give Stryker ample notice of Plaintiffs' claims and the bases for those claims.  The Court denies Stryker's motion to dismiss under Rule 9(b).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendants' Motion to Dismiss Plaintiffs' Complaint [Docket No. 2] is **DENIED**.

Dated:  December 1, 2010             s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court